UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 12-7229 DSF (PJWx) | Date | 8/30/12 |
|---|---|---|---|
| Title | Robert Kendall, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to State Court for Lack of Subject Matter Jurisdiction

   This case was removed on August 22, 2012 based on diversity jurisdiction. Plaintiffs and Defendant First American Loanstar Trustee Services are both California citizens and, thus, not diverse.

   "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Savings Assoc. v. Lee, 446 U.S. 458, 461 (1980) (internal brackets omitted). A court should "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). But, a defendant with a "vital interest" in the case is not nominal. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 92-93 (2005). "A named defendant who . . . would be liable to pay a resulting judgment is not 'nominal' in any sense except that it is named in the complaint." Id. at 93.

   Contrary to Defendants' assertions, the mere filing of a notice of non-monetary status under California state procedural law does not transform a party into a nominal party for the purposes of diversity jurisdiction. Non-monetary status under California law requires no showing; the party seeking non-monetary status merely files a notice that it has a "reasonable belief" that it "has been named in the action or proceeding solely in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."[1]  Cal. Civ. Code § 2924l(a).  Non-monetary status is automatically awarded if no party objects within 15 days, although it can be revoked by way of motion.  Cal. Civ. Code § 2924l(d), (e).  Any timely objection to the notice of non-monetary status results in the status being automatically denied.  See Cal. Civ. Code § 2924l(e).  There is never a finding by any court that the party seeking non-monetary status is actually nominal in the sense meant by federal law.

Defendants have made no attempt to demonstrate that the non-diverse defendant is actually a nominal party under federal law.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

---

[1] In the Court's experience, trustees almost uniformly abuse non-monetary status, filing notices of non-monetary status even in cases where the trustee was clearly sued for its own alleged wrongful acts or omissions.